UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HYE KIM,  No. 10-10955

                Debtor(s).
_____/

Memorandum on Review of Fees
_____

      Jennifer Hendrickson is a new lawyer, admitted to the bar in May 2009. There is no sin in being a new lawyer; everyone has to start some time, and there is a shortage of good bankruptcy attorneys these days. However, some of Hendrickson's conduct is of serious concern to the court.

      Just after becoming a lawyer, Hendrickson began heavily advertising herself as a bankruptcy and "foreclosure defense" attorney. Although she was a brand new lawyer, she had no qualms about charging for her services as if she had considerable experience. Her conduct was brought to the court's attention by her client in this Chapter case, Hye Kim, who handed the court a letter in which she accused Hendrickson of overcharging her for worthless services. Kim had originally hired Hendrickson to obtain a loan modification, and when that failed Hendrickson filed this Chapter 13 case for her. After reviewing the letter, the court ordered Hendrickson to appear and explain her conduct and justify her fees pursuant to § 329(b) of the Bankruptcy Code. The case has since been dismissed, but the court reserved jurisdiction to review Hendrickson's fees.

      The court begins its analysis by noting that the last thing it wants to do is scare a diligent new lawyer away from bankruptcy practice. However, it appears that Hendrickson has no qualms about

charging for her services as if she was an experienced attorney, having taken a total of $15,000.00 from Kim for services which appear to have been entirely unsuccessful, in that Kim's Chapter 13 was dismissed and no loan modification was obtained. Since Hendrickson charged Kim as if she was an experienced lawyer, the court will treat her as such in reviewing her fees.[1]

Hendrickson's fee disclosure statement filed as required by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure states that Hendrickson did the bankruptcy work for no fee. However, the docket entry made by Hendrickson recited that the bankruptcy fee was $3,726.00. Hendrickson has told the court that the disclosure statement is in error, and that the correct amount of her fees allocated to the bankruptcy was $4,000.00.

Hendrickson made a much more serious error, reflecting her considerable lack of experience and a deficient knowledge of basic bankruptcy law. She evidently believed (and may still believe) that if a debtor is not personally liable on a debt is it not to be scheduled, even if the debt is secured by the debtor's property. Thus, Hendrickson did not schedule a debt of $1.9 million secured by Kim's real property in Saratoga, California. Not only did this mistake make it appear in the schedules that Kim had significant equity in the property when there was none, but it also meant that Kim's debts exceeded the Chapter 13 limits for eligibility set forth in § 109(e) of the Bankruptcy Code. The Chapter 13 filing was accordingly an exercise in futility.

Three other aspects of Hendrickson's conduct are of concern to the court. First, there have been allegations by Kim and the Chapter 13 Trustee that Hendrickson began practicing law before she was admitted to the bar. Second, she may have mislead Hye and the public as to her experience level in her Internet advertising and web site.[2] Third, it appears that Hendrickson may have violated

---

[1] There is also some confusion as to the total amount Kim has paid Hendrickson. At the hearing on this matter, Hendrickson told the court that the figure was $15,000.00. In subsequent pleadings, she says $12,999.98. Kim says the total amount was more than $15,000.00.

[2] Copies of this material, culled from the Internet, are filed separately. The court is concerned that they are misleading as to Hendrickson's experience and the true scope of her practice.

2

California Business and Professions Code § 10085.6(a)(1), which prohibits an attorney from taking an advance fee for loan modification services. These matters are beyond the scope of a § 329 fee review, and will be referred to the State Bar of California.

Hendrickson's Chapter 13 services were worthless due to a fundamental mistake of law. The court will accordingly order Hendrickson to return to Kim the sum of $4,000.00, which Kim paid for the Chapter 13 services. Hendrickson will have 30 days after entry of an appropriate order to return these fees and file a statement of compliance with the court, after which she will be ineligible to practice law in any bankruptcy court in the Northern District of California until she has complied. The order will be made without prejudice to any other legal rights Kim may have against Hendrickson.

The Clerk shall send a copy of this Memorandum to the State Bar of California.

Dated: July 14, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

3